# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| KRISTINE MICHELLE TOLLADAY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:16-cv-02338 |
| DECATUR RADIOLOGY PHYSICIAN SERVICES CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT FOR RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT

NOW comes KRISTINE MICHELLE TOLLADAY ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP"), complaining of DECATUR RADIOLOGY PHYSICIAN SERVICES CORPORATION ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

1. Plaintiff is a 37 year old natural person residing at 209 South View, Oreana, Illinois, which lies within the Central District of Illinois.

2. Plaintiff suffers from a variety of medical issues including undergoing a spinal fusion and carpel tunnel syndrome. Due to her health problems, Plaintiff is unable to work and is currently in the process of applying for disability income through the Social Security Administration.

3. Plaintiff is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

4. Defendant is a radiological healthcare provider, operating out of Decatur Memorial Hospital, located at 2300 N. Edward St., Decatur, Illinois. Defendant is an Illinois Corporation that is registered with the Illinois Secretary of State under File Number 49302401.

5. Defendant is a "person" as defined by 47 U.S.C. §153(39) of the TCPA.

## FACTS SUPPORTING CAUSES OF ACTION

6. Plaintiff sought treatment from Defendant for which she accumulated an outstanding balance ("subject consumer debt"). *See* attached Exhibit A is a true and correct copy of an Affidavit signed by Plaintiff.

7. Unfortunately, due to her limited income, she became unable to satisfy the subject consumer debt. *See* Exhibit A.

8. On July 8, 2016. Plaintiff caused to be filed a Chapter 7 Bankruptcy in the United States Bankruptcy Court of the Central District of Illinois under case number 16-71145 ("Bankruptcy Case"). *See* attached Exhibit B is a true and correct copy of the Docket from the Bankruptcy Case.

9. Plaintiff included the subject consumer debt in her Bankruptcy Case. *See* Exhibit C a true and correct copy of Schedule E/F from Plaintiff's Bankruptcy Petition.

10. By virtue of being listed as a creditor in the Bankruptcy Case, a Notice of Chapter 7 Bankruptcy Case, was sent to Defendant. *See* Attached Exhibit D is a true and correct copy of the Notice of Chapter 7 Bankruptcy Case.

11. The Notice of Chapter 7 Bankruptcy Case contained a paragraph which read in part:

> "The filing of the case imposed an automatic stay against most collection activities. This means creditors generally may not take action to collect debts from the debtor or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from the debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees."

12. Sometime in mid- July, after Plaintiff filed Chapter 7, Plaintiff received a pre- recorded voicemail from Defendant on her cell phone (217) 519-4722. *See* Exhibit A.

13. Around the same time period, Plaintiff began receiving phone calls and text messages from Defendant on her cell phone as well. *See* attached group Exhibit E are true and correct screenshots of text messages from Defendant on Plaintiff's phone.

14. On multiple occasions, Plaintiff would speak to a live representative of Defendant and tell them that she filed for Chapter 7 and to stop calling. *See* Exhibit A.

15. The calls and texts continued on a constant basis between July 2016 and September 2016. *Id.*

16. Faced with the realization that Defendant would not cease contacting her despite requests to do so, Plaintiff authorized CLP to bring the instant proceeding.

17. Plaintiff has suffered financial loss as a result of Defendant's actions.

18. Plaintiff has incurred charges and expenses that she would not have otherwise incurred if not for Defendant's systematic calls, including the loss of cellular phone capacity.

19. Plaintiff has been unfairly harassed by Defendant's actions, resulting in an increased stress level.

20. Plaintiff has suffered concrete harm as a result of Defendant's actions.

.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

22. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

23. Defendant used an ATDS in connection with it communications directed towards Plaintiff.  The brief pause that Plaintiff experienced during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Finally, the frequency and nature of Defendant's calls strongly suggests that an ATDS was used.

24. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without Plaintiff's consent.  Any consent Plaintiff *may* have given to Defendant was explicitly revoked.

25. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

26. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, KRISTINE MICHELLE TOLLADAY respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate

Dated: October 30, 2016

Respectfully submitted,

s/ Daniel M. Spector
Daniel M. Spector, Esq. #6301224
Counsel for Plaintiff
Admitted in the Central District of Illinois
Consumer Law Partners, LLC
435 North Michigan Avenue
Chicago, IL 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
Daniel.s@consumerlawpartners.com